STOULIG, Judge.
This is an appeal from a judgment awarding plaintiff, Julio Ceasar Cardona, workmen’s compensation benefits of $12.50 weekly for a period of 100 weeks for the permanent loss of a physical function that resulted from a job-connected accident. Defendants, Lykes Bros. Steamship Co., the employer, and its alleged workmen’s compensation insurer, The Hartford Insurance Group, while conceding the occurrence of the accident and the residual ef *595 fects to plaintiff, dispute the condition[1] is compensable. They dispute that this condition is a permanent impairment of a physical function within the intendment of R.S. 23:1221 (4) (p), which provides:
“(4) In the following cases the compensation shall be as follows:
* * * * * *
“(p) In cases not falling within any of the provisions already made, where the employee is seriously permanently disfigured about the face or head, or where the usefulness of a physical function is seriously permanently impaired, the court may allow such compensation as is reasonable and as in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks.”
The trial judge concluded plaintiff suffered compensable impairment of two functions, the ability to speak and the ability to eat. In written reasons he stated:
“The Court finds that there is in the lip of the plaintiff a nodule about the size of a green pea, which causes some speech dysfunction, and causes a problem in eating. The plaintiff testified that this part of his lip is often bitten while eating, and for this reason he most often chews on the right side of his mouth.”
Appellants argue the award should be reversed because plaintiff was required to prove not only that some function was impaired but that the impairment was serious. Three cases are cited to support this proposition but they are distinguishable. In two,[2] the plaintiff alleged serious loss of function but failed to prove any impairment and in the third the plaintiff did establish that one of the results of an industrial accident was numbness in the chest that left him insensitive to pinpricks. In the last case it was held there was no serious impairment of a physical function because this insensitivity would have no effect on usual bodily functions.[3]
The determination of what constitutes a serious permanent impairment of the usefulness of a physical function is a question of fact;[4] therefore, the conclusions of the trial judge in this regard should not be disturbed unless manifestly erroneous. This rule is particularly applicable in this case in weighing whether plaintiff suffered a speech dysfunction. In reviewing the written transcript of plaintiff’s testimony, the evidence before us lacks the dimension of sound and in this instance the spoken word is the best evidence of whether or not there is a speech problem. There is nothing in the record to convince us the trial court erred in this finding of fact.
As to the impairment of plaintiff’s ability to eat without biting his lip we are also in accord with the conclusion of the trial judge. Dr. Robert Miller, a dentist who replaced a tooth cracked in the industrial accident, testified from an orthodontic standpoint that there was no residual impairment of plaintiff’s bite. At the court’s request he examined the plaintiff’s mouth and described the nodule.[5] Plaintiff’s attorney asked if this type of mass could cause plaintiff to bite his lip when he chewed food' — as plaintiff claimed — and Dr. Miller agreed it could. On cross-examination defense counsel elicited from this witness the statement that everyone *596 bites his lip from time to time. Defendants would have us construe this testimony to mean that plaintiff bites his lip while chewing occasionally but so do people without a nodule. Our interpretation of the dentist’s statement is that because of the nodule on the inner lip at the tooth line, plaintiff now has a greater propensity toward biting his lip while chewing.
We agree with the conclusion of the trial court that the plaintiff has incurred permanent dysfunction in two areas —speaking and eating' — and we consider both serious. We cannot agree with defendants that these impairments are inconsequential considering the frequency that plaintiff is required to perform both functions. In connection with the compensation benefits to be awarded, R.S. 23.1221(4) (p) vests the trial court with the authority to “allow such compensation as is reasonable * * * not to exceed sixty-five per centum of wages during one hundred weeks.” Under these circumstances the trial judge’s award of $12.50 weekly for 100 weeks does not constitute an abuse of his discretion as being an unreasonable compensation to plaintiff for impairment of two bodily functions.
Defendants further contend the trial court erred in failing to allow a credit of $70 for disability benefits previously paid to plaintiff. This contention is well-founded. R.S. 23:1223 and Golden v. Starns-McConnell Lumber Corporation, 172 So.2d 78 (La.App. 1st Cir. 1965). Appellants urge there is no proof in the record that The Hartford Insurance Group was the compensation carrier of Lykes Bros. Steamship Co. at the time of the occurrence of the injury. We agree. It therefore follows that the judgment rendered against The Hartford Insurance Group is erroneous and must be annulled.
For the foregoing reasons the judgment rendered against The Hartford Insurance Group is annulled and set aside; and the judgment in favor of the plaintiff, Julio Ceasar Cardona, and against the defendant Lykes Bros. Steamship Co. is amended to allow defendant a credit of $70 for disability compensation previously paid and in all other respects the judgment is affirmed. All costs of this appeal are to be borne by appellant Lykes Bros. Steamship Co.
Annulled in part; amended in part; and as amended affirmed in part.

. A small pea-sized nodule on the inside of his upper left lip at the level of the tooth line.

. Addison v. Neeb Kearney & Company, 252 So.2d 471 (La.App. 4th Cir. 1971) ; Davis v. Waterbury’s, Inc., 145 So. 569 (La.App.Orl.1933).

. Fontenot v. Ramey Well Service, 191 So.2d 353 (La.App. 3d Cir. 1966).

. Jenkins v. Orleans Parish School Board, 299 So.2d 535 (La.App. 4th Cir. 1974).

. About the size of a pea located a quarter of an inch above the bottom part of the lip, in the area of the tooth line. Further he stated it was subject to being irritated from coming in contact with the teeth.