395 So.2d 470 (1981)
Huey P. ADAMS
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. 11532.
Court of Appeal of Louisiana, Fourth Circuit.
February 17, 1981.
Writ Granted April 27, 1981.
Ronald L. Wilson, New Orleans, for plaintiff-appellant.
A. R. Christovich, Jr., New Orleans, for defendant-appellee.
Before REDMANN, GULOTTA and BARRY, JJ.
*471 REDMANN, Judge.
Plaintiff appeals from the dismissal of his suit for workers' compensation for disability from a heart problem. We affirm.
Plaintiff had worked for 30 years as an automotive mechanic before he went to work for defendant as a probationary employee on April 3, 1978. After working for defendant less than 90 days, plaintiff began to experience at work, he testified, "slight shortness of breath and these chest pains just minor," "but never was there ... any sudden pain to where it would just completely stop me in my tracks." On the last night he worked, a co-worker testified, "he told me he was feeling bad like he had indigestion." Another co-worker, also a mechanic, but "in charge at times" though not a foreman, testified that plaintiff made no complaints to him of any "physical condition," that "he just said it was hot" that night of July 1. Plaintiff did not report any incident to any supervisor, and he finished that shift's work, but he did not show up for work thereafter.
Plaintiff went to a hospital on July 3, where electrocardiograms, chest x-rays, blood tests and a stress test were all normal. He was, however, diagnosed as having arteriosclerotic heart disease ("hardening of the arteries of the coronary vessels") which can cause pain on exertion. The medical restrictions placed on plaintiff were no heavy exertion or heavy stress.
The medical testimony is that coronary arteriosclerosis "requires many years to develop, particularly to a point where it produces symptoms or complaints; perhaps even longer to produce findings." "In the absence of a thrombosis or infarction occurring, there is no detectable difference" in the coronary arteries as the result of a single incident of the chest pains called angina pectoris.
Louisiana has awarded workers' compensation when stressful employment for the same employer over a period of many years has produced the disabling arteriosclerosis; Bertrand v. Coal Operators Cas. Co., 1969, 253 La. 1115, 221 So.2d 816 (16 years as heavy laborer); Ray v. City of New Orleans, La.App. 4 Cir. 1973, 284 So.2d 83, writ refused, 286 So.2d 661 (20 years as fireman). In our case, however, the medical evidence will not support a conclusion that any incident or series of incidents during plaintiff's 90-day employment caused the arteriosclerosis, or, specifically, that the incidents of angina pectoris on July 1 and earlier caused any deterioration whatsoever in plaintiff's condition: all that happened was that plaintiff discovered that he had arteriosclerosis, as a result of which his doctor recommended against heavy exertion.
Indeed, plaintiff's wife testified that "two months before he was admitted to the hospital [or about 30 days after starting to work for defendant], I noticed his coloring was bad, getting bad," and she spoke of symptoms of indigestion, etc. occurring at home.
On this record, we cannot say that the trial judge erred in holding defendant not liable for compensation.
Affirmed.
BARRY, J., dissents with written reasons.
BARRY, Judge, dissenting.
I feel the record supports appellant's claim that he sustained a work related compensable claim which caused his disability.
Prior to employment he passed a physical examination by defendant's physician. Angina began thereafter as a result of strenuous work which aggravated his apparent latent heart disease.
If the claimant had died following complaints of chest pain on the job, irrespective of his brief employment, his death would clearly be compensable. Here the claimant was fortunate, survived, but incapacitated to continue his physical activities necessary to his employment.
A similar situation existed in Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (La.1968). There the worker also suffered angina pectoris due to exertion at work and was awarded benefits.
*472 Under our liberal interpretation of the compensation act I feel the employee is entitled to benefits and I therefore respectfully dissent.