413 So.2d 701 (1982)
Emile SMITH
v.
BORDEN, INC., and XYZ Insurance Company.
No. 12959.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 1982.
Rehearing Denied May 19, 1982.
*702 George J. Richaud, Young, McMahon & Levert, New Orleans, for defendants-appellants.
Benjamin J. Birdsall, Jr., Birdsall & Rodriguez, Walter A. Robelot, III, New Orleans, for plaintiffs-appellees.
Before SCHOTT, KLEES and WARD, JJ.
KLEES, Judge.
This is an appeal from a judgment awarding the plaintiff worker's compensation benefits, penalties and attorney's fees.
Plaintiff was employed as a mechanic/operator at the Borden, Inc., Metairie facility. As part of his duties the plaintiff was required to check the various engines in the engine room for ammonia leaks.
The plaintiff alleged that he had been constantly exposed to ammonia three days a week for a period of 14 or 15 months and that on November 20, 1979 he was exposed to a large dosage of the chemical and developed a "singer's nodule" at the front of his right vocal chord causing him pain, irritation and hoarseness.
The plaintiff filed suit against Borden, Inc., and the Insurance Company of North America. The latter was dismissed on a motion for summary judgment and after a trial on the merits the trial judge found that the plaintiff "is found to be temporarily partially disabled in that he has lost the use of a physical function" and awarded him compensation benefits, penalties and attorney's fees.
The defendant-appellant argues that the nodule on the plaintiff's vocal chord is not work related and therefore not compensable. It also avers that the plaintiff is not disabled and that the trial court erred in awarding penalties and attorney's fees. The plaintiff answered the appeal and seeks an increase in the award of attorney's fees for defending his rights on appeal.
The appellant argues that the nodule is the result of the plaintiffs smoking habits and his musical background as the "back-up" singer in a band. However, at the trial the plaintiff testified that he only smoked three or four cigarettes a day and any singing on his part was minimal and relegated to a sort of humming. He also testified that his voice was fine until he was exposed to the large ammonia leak on November 20, 1979 and that after this episode his voice became hoarse. This fact was corroborated by Ora Thomas, his female friend and John Talbert, Jr., a longtime friend.
In addition to these facts Dr. A. Foster Hebert testified that a chemical such as ammonia was an irritant which could indirectly cause such a nodule on the vocal chord. Furthermore, the chief engineer for Borden, William A. Fendt, testified that some ammonia was present in the engine room ninety percent (90%) of the time; thereby lending support to the plaintiff's story.
Here the causal connection between the exposure to various amounts of ammonia for fourteen or fifteen months, as well as the significantly high exposure on November 20, 1979 and plaintiffs' condition is supported by the various medical evidence.
Where there is proof of an accident and the following disability without an intervening cause it is assumed that the accident caused the disability. Clofer v. Pratt Farnsworth, Inc., 407 So.2d 1295 (La.App. 4th Cir. 1982), Adams v. New Orleans Public Service, Inc., (La.1981) No. 81-C-0784.
In this case the trial judge concluded that the plaintiff was truthful and he accepted his version as the most logical version of how the nodule developed. The facts above provide ample support for the trial court's conclusion. Furthermore, this Court must give great weight to the factual *703 conclusions arrived at by the trier of fact, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though this court might feel that its own evaluations and inferences are as reasonable. Cadiere v. West Gibson Products Company, Inc., 364 So.2d 998 (La. 1978).
We now consider whether the trial court erred in finding the plaintiff to be disabled.
Appellee cites to the court Cardona v. Lykes Bros. Steamship Co., 311 So.2d 594 (La.App. 4th Cir. 1975). There, plaintiff developed a small pea-sized nodule on the inside of his upper left lip. The employer conceded the accident but denied that the condition was a permanent impairment of a physical function within the meaning of R.S. 23:1221(4)(p). This Court affirmed the trial court and its award of disability pursuant to the section. The Court concluded that the speech dysfunction was serious, and stated that the Trial Judge has great discretion in this area due to the fact that speech was involved.
We are in agreement with the conclusion of the trial court that appellee has lost the use of a physical function within the meaning of the Louisiana Workmen's Compensation Act.
Applying this holding to the present case we find that the trial judge correctly concluded that the plaintiff was entitled to disability payments within the perview of R.S. 23:1221(4)(p). But, under the provisions of that section appellee is only entitled to compensation payments for a maximum of 100 weeks.
The next issue is whether the trial judge erred in awarding plaintiff penalties and attorney's fees. La.R.S. 23:1201 provides that where an employer fails to pay workmen's compensation benefits within sixty days after demand, the employer shall be liable for penalties and attorney's fees where such failure to pay is found to be "arbitrary, capricious, or without probable cause...". Jurisprudence has construed this statute to mean that where there is a bona fide factual dispute as to whether the employee's disability was work-related, the employer has "probable cause" to refuse to pay workmen's compensation benefits. Wright v. Red Ball Motor Freight, Inc., 315 So.2d 344 (La.App. 1st Cir. 1975). Also applicable here is the rule that the statute, being penal in nature, must be strictly construed, Gros v. Le Blanc, 304 So.2d 49 (La. App. 1st Cir. 1974); and that the issue of whether the refusal to pay compensation benefits was arbitrary, capricious or without probable cause is a factual determination which must be determined upon the merits of each case. Moreau v. Houston General Insurance Company, 386 So.2d 151 (La.App. 3rd Cir. 1980).
After being exposed to the large ammonia leak the plaintiff did not report the incident to his employer. The first notice of the incident and the plaintiff's claim of disability was by receipt of his lawsuit. In addition, the medical evidence in the possession of the defendant provides a reasonable basis for the belief that the disability of the plaintiff was not work related.
In Dr. T. Sterling Dunn's report dated December 20, 1979 he indicated that the plaintiff said his hoarseness dated back one year and in his diagnosis he stated that he believed the plaintiff was suffering from a common cold. Dr. Frank Normann, who later examined the plaintiff, indicated in his report that he found it difficult to believe that a causative relation existed between the plaintiff's job and his condition. He cited the fact that the lesion appeared to be in existence prior to November of 1979 when the large ammonia leak occurred and that the plaintiff's musical background, smoking habits and speaking characteristics were more likely the cause of the nodule on his vocal chords.
Applying the rules above to the facts we find that there was "probable cause" to doubt that the plaintiff's disability was work related. Accordingly, the action of the defendant in refusing to provide worker's compensation benefits was not arbitrary, capricious or without probable cause, and the plaintiff is not entitled to penalties and attorney's fees.
Finally, the appellee, in answer to the appeal, seeks an increase in attorney's fees for defending his rights on appeal but since *704 we have concluded that the plaintiff was not entitled to penalties and attorney's fees this issue has been rendered moot.
For the reasons assigned above the decision of the trial court awarding the plaintiff worker's compensation benefits in the full sum of $149.00 per week is affirmed but amended to not exceed 100 weeks. That part of the awarding appellee attorney's fees and penalties is reversed. In all other respects the judgment is affirmed. Costs of the appeal are to be shared equally by the parties.
AFFIRMED IN PART, AMENDED IN PART, REVERSED IN PART.
WARD, J., concurring with assigned reasons.
WARD, Judge, concurring.
I concur in the result, but not for the reasons stated by the majority. I disagree with conclusions reached by the majority as to what has been proved by the plaintiff, Emile Smith, during the course of this case. The issue is one of causation: did either inhalation of ammonia fumes over a fourteen-month period of employment or a massive dose of ammonia on the date of the accident cause the nodule on Smith's vocal chords? If Smith proved this by a preponderance of the evidence, he is entitled to workers' compensation benefits. To prove his case, Smith and two witnesses, his friends, testified there was a sudden onset of hoarseness after he received a massive dose of the fumes because of an ammonia leak at the Borden plant where he worked. Smith was examined at the Eye, Ear, Nose and Throat Hospital shortly after the accident; hoarseness was confirmed; swelling of the larynx was observed; however, a nodule did not exist. Four months later, an examination by the same medical doctors revealed swelling was resolved, but there was a nodule of the vocal chords. Smith offered expert testimony of a specialist, Dr. Hebert, who testified that inhalation of ammonia would not be expected to produce this nodule; that it was indirectly, but remotely possible. That evidence does not establish that there is a link between the swelling of the vocal chords and the lesion; rather, it negates it. On the other hand, the defense offered the testimony of Dr. Normann, a specialist, who testified that it was difficult to believe that a causative relationship exists. Considering both experts' testimony, the evidence falls far short of proving causation by a preponderance of the evidence.
The majority makes a leap in the chain of causation, without evidence to support it, based on post hoc reasoning: the accident happened, swelling of the vocal chords occurred, therefore the lesion observed four months after the accident must be a result of the accident. Of course, this logic is fallacious; intervening factors such as smoking or singing may be the cause.
Although this is a claim for workers' compensation, the rules of evidence nevertheless should require Smith to prove causation by a preponderance of the evidence. Prim v. City of Shreveport, 297 So.2d 421 (La. 1974). However, "accident" has been defined as the immediate onset of illness, and causation appears to be presumed if there is disability, Adams v. New Orleans Public Service, Inc., 395 So.2d 470 (La.App. 4th Cir.), writ granted 399 So.2d 607 (La. 1981), rev. ___ So.2d ___ (1981), No. 81-C-0784, and there is no reason to distinguish those cases where disability is claimed from this case, where there is no disability but there is loss of a physical function. When interpreting that decision of the Supreme Court, this court in Clofer v. Farnsworth, 407 So.2d 1295 (La.App. 4th Cir. 1981), held that causation must be presumed, and placed upon defendants the burden of proving by a preponderance of the evidence that intervening factors were the cause of the injuries, relieving the plaintiff of the burden of proving each link of causation. Because defendants have failed to prove any intervening cause, and because the Adams case indicates causation must be presumed, we must affirm the award. I agree, however, that penalties and attorney's fees should not be awarded.