520 So.2d 1063 (1987)
Percy ALLISON, Plaintiff-Appellee,
v.
STATE FARM FIRE & CASUALTY, Defendant-Appellant.
No. 86-1167.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
*1064 Guillory, McGee & Fontenot, A. Gerard Caswell, Eunice, for plaintiff-appellee.
Sutherland & Juge, Dennis P. Juge, New Orleans, for defendant-appellant.
Before DOUCET and KING, JJ., and CULPEPPER, J. Pro Tem.[*]
KING, Judge.
The issue presented by this appeal is whether or not the trial court was correct in determining that plaintiff's angina pectoris is an accident that was directly related to his employment and compensable under this state's Worker's Compensation Statutes.
Lawrence Percy Allison (hereinafter plaintiff) was working on the job as a carpenter for Pat Vidrine Contractors when he experienced the onset of angina pectoris. Plaintiff filed suit against State Farm Fire and Casualty Company (hereinafter defendant), who was the worker's compensation insurer of his employer, for worker's compensation benefits. On the day of his attack, plaintiff was assigned to peeling shingles from a roof with the aid of a shovel. Shortly after the lunch break, and after resuming work, plaintiff experienced sharp, squeezing pains in his chest. He left the jobsite and proceeded to a local physician where he was diagnosed as suffering from angina pectoris. After a series of examinations by several physicians, plaintiff had triple bypass heart surgery. After a trial on the merits the trial court rendered judgment in favor of plaintiff, finding there was an accident and an injury arising out of the course of his employment which was compensable under this state's Worker's Compensation statutes. Defendant appeals. We affirm.

FACTS
On the date of the alleged injury, plaintiff, Lawrence Percy Allison, was entering his fourth year as an employee of Pat Vidrine Contractors. His job assignment was to peel shingles from the roofs of houses being prepared for new roofing. This required his presence on the rooftop for long hours in the hot summer sun. According to Pat Vidrine, when plaintiff arrived at work on June 4, 1984, plaintiff did not look well and told Vidrine that he did not feel well. Plaintiff began work thinking that he would feel better after a while. After returning from lunch and while working, plaintiff began to experience severe pain in his chest and arms. Vidrine told plaintiff to stop work and go see his doctor.
Plaintiff was 60 years old and had no prior history of heart problems except for minor chest pains a month before in May, 1984. When plaintiff experienced those chest pains, he visited a local physician, Dr. Ferdinand J. Derouen, Jr., who felt that it was not coronary related, but did prescribe on a trial basis the medicine nitroglycerine. When plaintiff arrived at Dr. Gerald E. Murdock's office on June 4, 1984, he was diagnosed as suffering from angina pectoris. Dr. Murdock referred him to Dr. John Andrus, a specialist in internal medicine. Dr. Andrus concluded that plaintiff was suffering from angina pectoris and admitted him to a local hospital for further testing. Thereafter, plaintiff was referred to Dr. Charles Woodard, a cardiologist in Lake Charles, who saw plaintiff on July 12, 1984. After an examination and cardiac catherization, Dr. Woodard discovered the existence of severe triple vessel coronary artery disease. He recommended triple bypass heart surgery to alleviate the further risk of heart attack and chest pain. Dr. Woodard referred plaintiff to Dr. J.F. Howell, a cardiovascular surgeon in Houston, Texas, who, after examining plaintiff, admitted *1065 him into Methodist Hospital on June 19, 1984. On June 20, 1984 the triple bypass heart surgery was done. On June 30, 1984 plaintiff was released from Dr. Howell's care and referred back to Dr. Woodard for follow up care.
On November 12, 1984, on his fourth visit to Dr. Woodard, plaintiff complained of two episodes of severe chest pain that forced him to stop, rest, and take nitroglycerine tablets.
Plaintiff never returned to his former job and filed for disability benefits under the Louisiana Worker's Compensation laws. After the parties could not agree upon the recommendations of the Office of Worker's Compensation, suit was filed pursuant to La.R.S. 23:1311. After a trial on the merits, the trial court rendered judgment for worker's compensation benefits in favor of plaintiff and against defendant concluding that plaintiff had sustained an accident and an injury which arose out of and in the course of his employment. The trial court further awarded plaintiff supplemental earning benefits.
Defendant appeals that decision. We affirm the trial court's judgment.

LAW
Defendant contends that the trial court erred in determining that there was an accident and an ensuing injury to plaintiff on June 4, 1984. Defendant makes this contention by asserting that angina pectoris is not an injury as defined in Sections (1) and (7) of La.R.S. 23:1021.
La.R.S. 23:1021(1) defines accident as:
"`Accident' means an unexpected or unforeseen event happening suddenly or violently, with or without human fault and producing at the same time objective symptoms of an injury."
Subsection (7) of the same statute defines injury as:
"`Injury' and `personal injuries' include only injuries by violence to the physical structure of the body and such disease or infections as naturally result therefrom. These terms shall in no case be construed to include any other form of disease or derangement, however caused or contracted."
Defendant urges that angina pectoris is not an injury resulting from an accident, but that it is a symptom of arteriosclerosis, a medical condition which develops over many years. Defendant further argues that the injury which sometimes accompanies angina, myocardial infarction (heart attack), did not occur here and that as a result, defendant should not be held liable for this alleged injury.
Angina and arteriosclerosis were generally explained in Adams v. New Orleans Public Service, Inc., 418 So.2d 485 (La. 1982), where the court stated:
"Generally speaking, angina pectoris is pain located in the chest area. It is usually caused by an insufficient supply of oxygen to the heart muscle. Arteriosclerosis is a condition marked by a loss of elasticity, thickening and hardening of the arteries. Angina pectoris is often associated with arteriosclerosis because the thickening of the arteries results in a reduction of the blood supply to the heart which in turn causes pain or angina." (Footnote omitted.) Adams v. New Orleans Public Service, Inc., 418 So.2d 485, at page 486 (La.1982).
In Adams, the plaintiff was working as a mechanic when he suffered an attack of angina pectoris due to arteriosclerosis. In Adams the defendant contended, as does the defendant in this case, that plaintiff's claim was not compensable because the angina pectoris resulted from arteriosclerosis, which was a gradually developing disease and not a sudden trauma. The Louisiana Supreme Court in Adams rejected this logic as untenable. Id. at 487. In distinguishing the two different injuries (myocardial infarction and angina pectoris) the Louisiana Supreme Court stated:
"Both heart attacks and angina pectoris may be caused by an inadequate oxygen supply to the heart muscle. Both are recognized by the same symptoms, the main difference being that the pain experienced during an infarction is generally more severe and of a longer duration. Given these similarities, there is *1066 no justification for granting compensation in the first situation [for a heart attack] while denying plaintiff recovery [for angina pectoris]." (Footnotes omitted; Emphasis added.) Adams v. New Orleans Public Service, Inc., 418 So.2d 485, at page 488 (La.1982).
See also, Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1968).
The medical testimony in the record supports the trial court's judgment in favor of the plaintiff. In May, 1984, plaintiff visited Dr. Derouen, a general practitioner, in Eunice, Louisiana, complaining of chest pains. At that time Dr. Derouen did not feel that his chest pains were coronary related but did put plaintiff on a trial basis of nitroglycerine. These pains did not disable plaintiff and he continued to work. After the plaintiff's chest pain developed on the job on June 4, 1984, plaintiff left the worksite and visited Dr. Murdock, a vascular and chest specialist in Mamou, Louisiana. Dr. Murdock found that plaintiff was at that time suffering from an attack of angina pectoris. He referred him to Dr. Andrus, an internal medicine specialist. Dr. Andrus saw plaintiff on June 4, 1984 and stated that his diagnosis indicated angina pectoris and that hospitalization was necessary. Dr. Charles Woodard, a cardiovascular specialist, performed a cardiac catherization which revealed a totally occluded (blocked) right coronary artery with the remaining two coronary arteries approximately 90% blocked. After this discovery, plaintiff had triple bypass heart surgery performed at Houston Methodist Hospital by Dr. J.F. Howell.
Dr. Woodard stated that he was unable to ascertain whether or not plaintiff has sustained a myocardial infarction or not, but did state that the totally occluded right coronary artery could have produced a heart attack sometime in the past. He further stated that plaintiff had returned to him after the bypass surgery and complained of two episodes of chest pain. When asked about the pain of angina, Dr. Woodard stated that it can be so painful as to prevent any form of stressful work and that if plaintiff's claims of pain were genuine, he would recommend that plaintiff not continue working.
While Dr. Howell, the surgeon who performed the triple bypass, could not determine when plaintiff's right coronary artery occluded, he stated that the tests clearly show that it had at some point in time.
We do not find that the trial judge was manifestly in error in finding from the evidence that plaintiff, though suffering from arteriosclerosis, before the attack of angina on the job on June 4, 1987, was not disabled but thereafter was disabled from working because of pain caused by his angina which prevented him from returning to his occupation.
For this reason we find no merit to defendant's first assignment of error.
Defendant's second assignment pertaining to causality of the injury as related to his employment, can best be reviewed by the analysis in Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982). In Guidry, the court focused on the interpretation of La.R.S. 23:1021. In part, it reads:
"If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated." (Emphasis supplied.)
The medical facts in Guidry were that Guidry suffered a heart attack secondary to arteriosclerosis heart disease after pausing for a short break at work. In affirming the appellate court's judgment in favor of plaintiff, the Louisiana Supreme Court stated:
"An accident occurs in the course of employment when it happens during the time of employment and at a place contemplated by the employment. Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973); Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932). Such a showing alone, however, does not satisfy Louisiana's dual requirement, although it will assist the worker over the first hurdle. There is the additional requirement *1067 that the accident `arise out of the employment.' Arising out of employment contemplates the accident's being the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed ..." (Footnotes omitted.) Guidry v. Sline Painters, Inc., 418 So.2d 626, at page 628 (La.1982).
The medical facts in Adams are similar to that of the present case. There the plaintiff suffered a work disabling attack of angina pectoris while on the job. In finding that the injury was causally related to his employment, the Louisiana Supreme Court said:
"Before the attacks of angina, plaintiff, though suffering from arteriosclerosis, exhibited no disabling symptoms. Having experienced the episodes of pain, all medical experts concur that plaintiff must desist from strenuous work. Therefore, plaintiff has established the causal link between the accident and the disability." Adams v. New Orleans Public Service, Inc., 418 So.2d 485, at page 488 (La.1982).
It is clear from the record that plaintiff was at work when the work disabling angina pectoris attack occurred and that his work subjected him to a risk that he would not have been subjected to had he not been on the roof working at the moment his angina pectoris attack occurred. The employer testified that he was aware that plaintiff was feeling bad and looked a little ill on June 4, 1985; however, he still allowed plaintiff to struggle up a ladder in the heat of the summer sun at midday and shovel shingles.
"To deny compensation to those workers who bring a personal risk to the job, however, contravenes the tradition that the employer takes his employee as he finds him. Chism v. Kaiser Aluminum and Chemical Corp., 332 So.2d 784 (La. 1976)." Guidry v. Sline Painters, Inc., 418 So.2d 626, at page 629 (La.1982).
After reviewing the record, we do not find that the trial court was clearly wrong or manifestly in error in finding that plaintiff suffered an accident in the course and scope of his employment.
For the reasons assigned, the judgment of the trial court is affirmed. All costs are taxed to defendant-appellant.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.