G. WILLIAM SWIFT, Jr., Judge Pro Tem.
The issue before this court is whether or not the trial court erred in granting worker’s compensation death benefits to plaintiff, the widow of the deceased, finding that his death was causally related to.his employment.
The plaintiff, Margaret Lopez, widow of Walter Lopez, Sr., filed suit individually and on behalf of her daughter, to recover worker’s compensation death benefits allegedly due on his death. Walter Lopez, Sr., a 50 year old janitor at an oilfield supply company, became very ill while at work and was rushed to a hospital where he died an hour later. The cause of death was listed as multiple pulmonary embolism. After a trial on the merits, the trial court found that decedent’s death was causally related to his work and granted worker’s compensation death benefits to plaintiff. *761 United States Fidelity and Guaranty Insurance Company, the worker’s compensation insurer of decedent’s employer, appeals this judgment. Finding that the trial court was not manifestly in error in its causality determination, we affirm.
On August 23, 1983, Walter Lopez, Sr. began his day’s work at Oil Center Research, Inc., an oilfield supply company, where he was employed as janitor. His duties there included mopping the bathrooms, sweeping the warehouse, emptying trash cans and carrying cases of cokes to the coke machine to reload. Lopez was additionally responsible for all of the upkeep in the inner portion of the main building and the attached warehouse.
On the day of Lopez’s injury, the temperature inside the warehouse where he worked reached 85 degrees. The aforementioned duties were all completed in this heat. At 9:45 A.M. Lopez took a mid-morning break. It was then that Lopez’s coworker, Annie Mae Sonnier, noticed that Lopez was not himself. Ms. Sonnier testified at trial that Lopez was sweating profusely, had lost his color and had become pale, and that he sat by himself and was unusually quiet. After break, Lopez continued sweeping and then carried several cases of cokes to the vending machine which he reloaded before taking his noon lunch break.
At noon, Lopez had lunch with another co-employee, Donald Babineaux. As Lopez left his truck, where he shared lunch with Babineaux, Lopez experienced sharp, squeezing chest pains and began to sweat profusely. Clifton LaVergne, then plant manager of Oil Center Research, Inc., came to Lopez’s assistance insisting that he lie down while he waited for an ambulance.
Lopez was taken by ambulance to Our Lady of Lourdes Hospital where he was pronounced dead at approximately 2:00 P.M. Dr. Glenn Larkin, the deputy coroner of Lafayette Parish, performed an autopsy on the deceased at 3:00 P.M. and listed multiple pulmonary embolism as the cause of death.
After plaintiff filed the necessary claim forms with the defendant insurer, requesting reimbursement for the deceased’s medical and funeral expenses, defendant denied these requests. Defendant claimed the death of Lopez was not causally related to his employment and further denied worker’s compensation benefits to plaintiff. Plaintiff filed suit praying for medical, funeral expenses, attorney’s fees and for worker’s compensation death benefits, alleging that Lopez’s death was caused by the strenuous work of his employment. After a trial on the merits, the trial judge found the evidence to be in favor of plaintiff and granted judgment as requested, except for attorney’s fees. Defendant appeals from that judgment. After an examination of the record before this court, we affirm.
The Louisiana Worker’s Compensation Act provides that if an employee sustains personal injury by accident arising out of and in the course of his employment, the employer shall pay compensation. Thus, if an employee sustains an accident while at work, the employee or his dependents, as the case may be, are entitled to compensation if there is a causal connection between the accident and the character or origin of risk. LSA-R.S. 23:1031.
The defendant does not question what took place while the decedent was at work on the day of his death. However, it vigorously denies that his death arose out of his employment with Oil Center Research, Inc.
Mr. Lopez died of multiple pulmonary embolism. Pulmonary embolism is the blockage of the pulmonary arteries by a fragment of blood crust (emboli) usually detached from a diseased vein. Schmidts, Attorney Dictionary of Medicine, Vol. 2, page E-48, Mathew Bender & Co., Inc. 1987. This blockage of the pulmonary arteries results in an oxygen deficiency of the blood, as the pulmonary arteries deliver blood to the lungs where it is revitalized with oxygen. Continued oxygen deficiency leads to internal asphyxiation and results in death.
It is well settled in this state that heart attacks and other cardiovascular related injuries are compensable under the *762 worker’s compensation act when arising out of and in the course of employment. Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982); Adams v. N.O. P.S., Inc., 418 So.2d 485 (La.1981); Bertrand v. Coal Operators Casualty Company, 221 So.2d 816 (La.1968). In these cases where the employee sustains such injuries while in the course of employment, the burden is on plaintiff to establish it was more probable than not that there was a causal link between the employment and the injury. Nix v. City of Houma, 488 So.2d 184 (La.1986); Guidry, supra; Adams, supra.
At trial there was only one medical expert, Dr. Glenn Larkin, the deputy coroner of Lafayette Parish. His deposition was admitted into evidence and is before this court for examination. Dr. Larkin testified that there could have been several causes for the emboli to break loose and travel into the pulmonary arteries, one of which was forceful exertion, but he added:
“Nobody knows exactly for certain. But the best belief can be standing up — if you are sitting, especially if your legs are crossed, and you get up, or if you are exerting yourself very forcefully, such as playing baseball — something of that sort — or if you are very excited and you will do what is called hyperventilating. What happens there is that you breathe in and out something like I am going to do over the phone. I think you’ll get the message better than through words. (Witness demonstrates) Huh, huh, huh, huh — something of that nature.”
Thus, some form of physical exertion or getting up from a seated position usually causes the emboli to break loose from the vein, where it travels in the cardiovascular system until it lodges itself somewhere.
In Guidry, supra, the Louisiana Supreme Court made it clear that there is no presumption that a cardiovascular accident occurring on the job is caused by the employment. The plaintiff must prove the causal link by a preponderance of the evidence. Accordingly, it is not necessary for the plaintiff to prove that the work was the sole cause of the injury, so long as it is established by a preponderance of the evidence that the work was a contributing or aggravating factor. Guidry v. Sline Industrial Painters, Inc., supra; Parks v. Insurance Company of North America, 340 So.2d 276 (La.1976); and Roussel v. Colonial Sugars, 318 So.2d 37 (La.1975).
In the recent case of Reid v. Gamb, 509 So.2d 995, at page 997 (La.1987), the Louisiana Supreme Court stated:
“Lay testimony may be relied on to support a causal connection, even when there is positive medical testimony to the contrary. In view of medical experts’ understandable tendency to assess causation of disease in the context of the patient’s whole history, rather than as it relates specifically to employment, their testimony as to job injury relationships should be evaluated carefully: for example, cautious medical testimony couched in terms of ‘might have’ and ‘possibly’ may be used in conjunction with lay testimony to find a probability, and positive conclusory statements about causation by doctors should not be uncritically adopted. Beaty v. Thiokol, 414 So.2d 1292 (La.App.2d Cir.1982); see, Walton v. Normandy Village Homes Assoc., Inc., 475 So.2d 320 (La.1985); Lucas v. Insurance Co. of N. America, 342 So.2d 591 (La.1977); Malone & Johnson, supra, § 256; and see, generally, Kostamo v. Marquette Iron Mining Co., 274 N.W. 2d 411 (Mich.1979).”
The lay testimony at trial as well as Dr. Larkin’s testimony both support the finding of causality in Lopez’s death. Dr. Larkin testified that there existed a possibility for the fragments of the embolism (emboli), to have been impacting in the wall of the lung for 2 to 3 hours prior to his receiving medical attention. When further asked what symptoms would occur if these emboli were to impact the lung, Dr. Larkin indicated paleness, heavy sweating, chest pain, shortness of breath.
These symptoms are identical to those reported by Annie Mae Sonnier, Lopez’s co-worker, two to three hours before Lopez’s lunch break. Clearly, the evidence presented at trial supported the finding of *763 causality arising out of the employment of Lopez with Oil Center Research, Inc.
As mentioned, the plaintiff must prove the causality between his work and the work related injury to recover benefits under the Louisiana Worker’s Compensation Act. Guidry, supra; Adams, supra; Nix, supra; Bertrand, supra. The record before this court supports the trial court’s determination that Lopez’s activities were more strenuous than those involved in his every day non-employment life, and his death was work-related. Additionally, it is well established that such fact findings by a trial court will not be disturbed absent manifest error in its determination of such. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be taxed against the defendant-appellant.
AFFIRMED.