406 So.2d 582 (1981)
Linda H. McDONALD
v.
INTERNATIONAL PAPER COMPANY.
No. 81-C-1379.
Supreme Court of Louisiana.
November 16, 1981.
Rehearing Denied December 14, 1981.
*583 J. Bachman Lee of Theus, Grisham, Davis & Leigh, Charles L. Hamaker of Madison, Garrett, Brandon, Hamaker & Tugwell, Monroe, for defendant-applicant.
John T. Campbell of Campbell, Campbell & Johnson, Minden, for plaintiff-respondent.
DENNIS, Justice.
This is a worker's compensation case involving a claim for benefits as a result of an employee's death caused by a myocardial infarction. The trial and intermediate appellate courts allowed recovery of benefits, penalties, and attorney's fees. McDonald v. International Paper Company, 398 So.2d 1182 (La.App.2d Cir. 1981). We affirm the award of death benefits, but reverse the penalty and attorney's fees decree.
After reviewing the evidence and considering the arguments of counsel, we conclude that the lower court's findings and decisions are correct on the issue of liability under the compensation statute for the reasons expressed by the court of appeal. It is well established that an unexpected and catastrophic effect upon an employee, such as death by heart attack, produced by extraordinary mental or emotional work-related stress, is compensable. Ferguson v. HDE, Inc., 270 So.2d 867 (La.1973). The character of the case does not change in kind, but only in degree when the stimulus takes the form of sustained anxiety or pressure leading to heart attack or cerebral hemorrhage. 1B A. Larson, The Law of Workmen's Compensation § 42.21 at 7-590 (1980). The vast majority of other jurisdictions hold that extraordinary anxiety and worry associated with employment constitute, without more, an accidental injury justifying an award of worker's compensation if the injury and anxiety has caused physical deterioration such as a myocardial *584 infarction. Townsend v. Maine Bureau of Public Safety, 404 A.2d 1014 (Me.1979); Little v. Korber & Co., 71 N.M. 294, 378 P.2d 119 (1963); Coleman v. Andrew Jergens Co., 65 N.J.Super. 592, 168 A.2d 265 (1961); Klimas v. Trans Caribbean Airways, Inc., 10 N.Y.2d 209, 219 N.Y.S.2d 14, 176 N.E.2d 714 (1961); Insurance Dep't v. Dinsmore, 233 Miss. 569, 102 So.2d 691 aff'd on rehearing, 104 So.2d 296 (1958); Fireman's Fund Indem. Co. v. Industrial Acc. Comm'n., 241 P.2d 299 (Cal.App.1952), aff'd, 39 Cal.2d 831, 250 P.2d 148 (1952); Hoage v. Royal Indem. Co., 67 App.D.C. 142, 90 F.2d 387, cert. denied, 302 U.S. 736, 778, 58 S.Ct. 122, 82 L.Ed. 569 (1937); 1B A. Larson, supra, at § 42.21. As set forth in the trial and appeals court opinions, the employee in this case, for several weeks before his death, was subjected to extraordinary emotional and mental stress associated with the impending closure of his mill, the possible termination of his job, and the increased difficulty of his job because of shorthanded, dilatory workcrews and poorly maintained equipment. Dr. McCormick and Dr. Bridges testified that this work-related stress was a cause of the employee's terminal heart attack. For these reasons, we conclude that the evidence rationally supports a finding that the employee's myocardial infarction was produced by extraordinary mental and emotional stress related to his employment.
However, the penalties and attorney fees provided by La.R.S. 23:1201.2 are not warranted in this case. As Judge Fred Jones noted in dissenting from this part of the court of appeal decision:
"The record shows that plaintiff's husband had been on his employment premises for some 10 or 15 minutes prior to his fatal heart attack, but had not engaged in any work during that time. The autopsy report prepared by the pathologist, Dr. George McCormick, contained no information connecting the cause of death with the decedent's employment. Immediately after the death, decedent's widow indicated to one of defendant's officials at the plant that the decedent had been under considerable stress because of recent deaths of family members.
"Even though defendant, after trial, was deemed in error in refusing to voluntarily pay workmen's compensation benefits to plaintiff, I do not believe that this refusal was without a reasonable foundation in fact or law. Whether the fatal heart attack was causally connected to the decedent's employment was a serious factual issue. The purpose of the trial was to resolve this issue. Defendant should not be penalized for availing itself of this right."
Whether the work-related mental and emotional stress was extraordinary or any greater than that of everyday life, and whether this stress was a real cause of the employee's heart attack were serious questions that could only be resolved by trial. The employer's failure to pay benefits within sixty days under those circumstances, was not arbitrary, capricious, or without probable cause.
AFFIRMED IN PART; REVERSED IN PART.
WATSON, J., concurs in affirming the award of death benefits but dissents from reversing the award of penalties and attorney fees.