433 So.2d 776 (1983)
Hoy STUCKEY, Plaintiff-Appellant,
v.
HOME INSURANCE CO., et al., Defendants-Appellees.
No. 82-693.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
Writ Denied June 17, 1983.
*777 Eugene P. Cicardo, Alexandria, for plaintiff-appellant.
Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendants-appellees.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Hoy Stuckey, plaintiff-appellant, filed a claim for worker's compensation benefits against the City of Alexandria and its insurer, Home Insurance Company. Stuckey sought permanent and total disability benefits for a mental disorder caused by on-the-job stress. The trial court dismissed Stuckey's demands. Stuckey appeals. We affirm. We find that Stuckey's disability is not compensable under the Workers' Compensation Act, LSA-R.S. 23:1021 et seq.
The issues on appeal are as follows:
1) Whether or not the trial court erred in finding that Stuckey incurred an accidental injury.
2) Whether or not the trial court erred in failing to find that there was a physical injury.
3) Whether or not the trial court erred in failing to find an "occupational disease" under the worker's compensation act.
Stuckey was employed by the City of Alexandria as a clerk in several of its departments from July 13, 1954, until January 1, 1973, and was again employed by the City from September 24, 1973, until August 18, 1980, when he was placed on leave without pay. Ultimately Stuckey was placed on disability retirement effective October 31, 1980.
In June of 1978 Stuckey was employed as a clerk in the Purchasing Department when Donald Alexander was employed by the City of Alexandria as Purchasing Agent, which placed Alexander as Stuckey's immediate superior. Stuckey had performed his duties in the Purchasing Department without difficulty until the advent of his new boss, with whom personal problems arose. A series of three letters of reprimand was exchanged between Stuckey and Alexander during a 24 hour period in 1978. This personal conflict continued until, upon advice of his family physician, Dr. Gutierrey, Stuckey took a leave of absence without pay. Stuckey was subsequently examined by a Dr. Hayes, psychiatrist, who diagnosed him as suffering from a moderate to severe depressive neurosis with suicidal ideation.
Stuckey instituted the present action based on the contention that his mental disorder entitled him to permanent and total disability benefits.
The trial court concluded that Stuckey suffered from a work related disability. However, it also concluded that Stuckey had failed to prove that the disability was compensable under the Workers' Compensation Act, LSA-R.S. 23:1021 et seq. Stuckey's demand for benefits was denied.
In order to recover benefits under the Louisiana Workers' Compensation Act, the employee must establish that he received a personal injury by accident arising out of and in the course of his employment.
Stuckey relies on the case of McDonald v. International Paper Company, 406 So.2d 582 (La.1981). In McDonald, the Court awarded survivors compensation benefits to the dependents of a worker who died as a result of a myocardial infarction. The employee was apparently the victim of work-related stress. The Court states that "the *778 vast majority of other jurisdictions hold that extraordinary anxiety and worry associated with employment constitute, without more, an accidental injury, justifying an award of workman's compensation if the injury has caused physical deterioration such as a myocardial infarction."
The defendants contend that Stuckey had failed to prove that he was subjected to extraordinary emotional and mental stress.
Hence, the question is factual: Is Stuckey's disability the result of extraordinary emotional and mental stress?
Although procedural rules are construed liberally in favor of workmen's compensation claimants, the burden of proof, by a preponderance of the evidence is not relaxed. Stuckey has the burden of proving all essential elements in his cause of action. Prim v. City of Shreveport, 297 So.2d 421 (La.1974). Under the standard enunciated in McDonald, Stuckey must prove that his on-the-job stress was extraordinary or greater than that of everyday life.
Armed with this standard, we proceed to review the record. The record revealed that a series of three letters of reprimand were exchanged between Stuckey and his supervisor, Alexander, some twenty-six months prior to the termination of Stuckey's employment. Stuckey testified that he was continuously verbally harassed by Alexander and that he was required to take care of personal business of Alexander during working hours.
Alexander testified that the letters were simply to establish his authority, as purchasing agent over Stuckey as a clerk in that department; that he followed guidelines set forth by the Civil Service Commission regarding his employees and that "we were not under any pressure, and I enjoyed having a congenial atmosphere in which to work under."
It is evident that Stuckey, an experienced clerk, did not appreciate taking orders from Alexander, a supervisor who was inexperienced in the department.
We find that Stuckey has failed to prove that the stress he encountered in his job relationship with Alexander was extraordinary or greater than that in everyday life. Therefore, we conclude that Stuckey has failed to prove an accidental injury as defined by the Workers' Compensation Act.
For the above reasons, Stuckey's second assignment of error concerning physical injury will not be discussed.
Stuckey contends that his disabling mental disorder should also fall within the ambit of a compensable "occupational disease". LSA-R.S. 23:1031.1 defines the compensable occupational disease as follows:
"an occupational disease shall mean only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trained occupational process or employment in which the employee is exposed to such disease."
The trial court disagreed with Stuckey's conclusion that the stress suffered by him on the job was "peculiar to" or characteristic of "his employment duties". Furthermore, the trial court concluded that the evidence adduced at trial did not indicate that the stress of Stuckey's employment was much greater than that commonly encountered by the rest of humanity at one time or another in their lives.
In Page v. Prestressed Concrete Company, 399 So.2d 657 (La.App. 1st Cir.1981), one of the few occupational disease cases under the 1975 amendment, the court made the following statement:
"In order to recover benefits for an occupational disease, an employee must prove he contracted the disease during the course of his employment and the disease was the result of the nature of the work performed."
After a review of the record, we conclude that Stuckey has failed to single out his disease as having been caused by conditions and causes present only in his employment and not by other causes to which he and all the rest of society might have been exposed. Even the testimony of Stuckey failed to show that his disability was characteristic *779 of his employment. Therefore, we agree with the conclusion reached by the trial court that Stuckey's disability is not an "occupational disease" under the Workers' Compensation Act.
For the foregoing reasons, the judgment appealed from is affirmed at appellant's, Hoy Stuckey, cost.
AFFIRMED.
DOMENGEAUX, J., concurs and assigns reasons.
DOMENGEAUX, Judge, concurring.
I concur in this affirmation believing that whether or not we conclude that plaintiff suffered extraordinary anxiety and worry associated with his employment is inconsequential inasmuch as he did not suffer an unexpected and catastrophic physical deterioration. Plaintiff's nervousness and depression was of many years standing. In other words, he did not have the type of physical breakdown or accident required in this type case.