441 So.2d 68 (1983)
Gene KING, Plaintiff-Appellant,
v.
WILSON BROTHERS DRILLING CO., INC., Defendant-Appellee.
No. 83-271.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1983.
Writ Denied December 16, 1983.
*69 Young & Burson, M. Terrance Hoychick, Eunice, for plaintiff-appellant.
Allen, Gooch & Bourgeois, Sera H. Russell, Lafayette, for defendant-appellee.
Before DOUCET, LABORDE and KNOLL, JJ.
LABORDE, Judge.
Plaintiff, Gene King, filed this workmen's compensation claim against his employer, Wilson Brothers Drilling Company, Inc., defendant, seeking compensation benefits and medical expenses for an alleged job related heart attack (myocardial infarction). Plaintiff claims that as a result of emotional and physical stress caused by his employment, he suffered chest pains (angina pectoris) at work on several occasions, followed by a heart attack at his home. Defendant denies all liability contending that the heart attack is neither job related nor compensable. The trial court denied all of plaintiff's demands by dismissing the suit and holding that the injury did not occur, nor arise within the course and scope of plaintiff's employment. Plaintiff appeals this holding. We affirm.
The plaintiff's assignments of error present two issues for our consideration:
1) Whether or not a heart attack is an accidental and compensable injury arising out of, and in the course of employment when the employee was not on the job or engaged in the business of his employer when the heart attack occurred; and
2) Whether or not a heart attack resulting from an aggravated pre-existing heart condition, precipitated by alleged job stress, is an accidental injury "arising out of" one's employment.
The trial court in a comprehensive opinion resolved each of these issues in favor of the defendant.

FACTS
King, a forty-nine year old male, was employed by Wilson Brothers Drilling Company, Inc., as an oil field worker since 1971. During the four months prior to his heart attack King worked as a "driller" on an oil rig platform. His responsibilities included: the management of four personnel workers; maintaining rig operations; and filling out daily reports. The only physical labor required of King was to pull "levers" with a maximum resistance of fifteen pounds while standing up all day. King also had the task of climbing stairs to and from the platform at the beginning and end of each shift.
King had been working twelve (12) hour shifts with twenty-four (24) hours off between each shift, the week of his heart attack. On Wednesday, August 13, 1980, King's work crew consisted of himself and four others. They worked the 6:00 p.m. to 6:00 a.m. shift beginning Wednesday evening. At the end of the shift, one of the workers informed King that he would not return for the next shift beginning Friday at 6:00 a.m. During the Friday shift another worker was injured, leaving King with two men short for the Saturday shift beginning at 6:00 p.m. King did not have replacements for either of the workers and lost a safety award as a result of the injury to his crewman on the Friday shift.
When King returned home Sunday morning following the Saturday night shift, he began looking for two replacements, to no avail. He went to bed around 10:30 p.m. concerned about showing up with a short crew for the third day in a row. King testified that he feared losing his job due to this crew shortage since he felt responsible for providing a full crew. He was also aggravated with losing the safety award. After retiring on Sunday night King was awakened shortly after midnight with severe chest pains. After a medical examination *70 King was diagnosed to have suffered from a heart attack (myocardial infarction).
King testified that during the last four days at work he felt ill and experienced slight chest pains while climbing the stairs on the rig. These chest pains were diagnosed by his physician, J.T. Thompson, as symptoms of angina pectoris caused by arterial blockages in the heart (arteriosclerosis). Medical experts testified that "stress" is one of several medical factors attributable, in some cases, to arteriosclerosis but would not conclude that stress was the causal link to King's heart condition or that it precipitated his heart attack.
ISSUE # 1
King contends that his heart attack entitles him to total and permanent disability benefits under the worker's compensation statute since the injury is work related. The trial court reasoned that he did not suffer a work related disability since he failed to prove his disability was compensable under the Worker's Compensation Act, LSA-R.S. 23:1021, et seq.
The requirements for a successful claim for worker's compensation as set forth in LSA-R.S. 23:1031 are as follows:
"If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated..." (Emphasis added).
An accident occurs "in the course of employment" when it happens during the time of employment and at a place contemplated by the employment. Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La. 1982); Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973). This showing alone does not satisfy Louisiana's dual requirement, although it will enhance the worker's potential for recovery. The additional requirement is that the accident "arose out of" the employment. In order to recover, the employee must establish that he sustained a personal injury by accident under this dual prong theory. Stuckey v. Home Insurance Company, et al., 433 So.2d 776 (3rd Cir.1983) cert. denied 435 So.2d 450 (La.1983); Lonzo v. Town of Marksville, et al., 430 So.2d 1088 (3rd Cir.1983) cert. denied, 438 So.2d 573, 576 (La.1983); Guidry v. Sline Industrial Painters, Inc., supra.
We will first consider whether King was in the course of his employment when he suffered the heart attack (myocardial infarction).
Our review reveals that the severe heart attack occurred while King was at home and asleep, eighteen hours after his last shift and only six hours before his next duty was to begin. Within any construction of the law, clearly, King was not "in the course of" his employment when the seizure occurred. Plaintiff argues that his efforts and time spent at home in attempting to find a full crew may have constructively placed him "in the course of his employment" during the time he spent contacting potential workers. Nevertheless, the precise occasion when King was stricken was substantially removed from those duties in both time and place. The heart attack did not occur at a time or place contemplated by the characteristics of the employment. In other words, it is not reasonably forseeable that a "driller" will sustain work related injuries consistent with the normal occupational risks involved in drilling, at midnight while home asleep.
Plaintiff argues that the trial court erred in concluding that the heart attack occurred on a specific occasion, namely, midnight and at King's home. Rather, that the heart attack is an accidental and compensable injury since the time and place to properly mark the occasion of the heart attack should have been when King experienced chest pains (angina) on the rig, four days prior to the severe heart attack suffered at home. We disagree.
The chest pains occurring at work were diagnosed by Dr. J.T. Thompson as symptoms of angina pectoris, a pre-existing heart condition, resulting from arteriosclerosis. Expert testimony established that the pains are considered as symptoms of a condition, rather than indications of muscle *71 destruction as with a heart attack. Plaintiff has failed to show that the arteriosclerosis was causally linked or related to his employment. Therefore, these symptoms will not be treated by this court as an accidental injury for compensation recovery in this case. We recognize that in Adams v. New Orleans Public Service, Inc., 418 So.2d 485 (La.1981), the Supreme Court held that a very severe and disabling episode of angina pectoris caused by strenuous physical labor, leaving a worker unable to resume his job, will constitute an "accident" or "injury" recoverable under the Worker's Compensation Statute. However, in this instance, King was not left disabled by the alleged angina that he experienced at work and he was able to continue his duties. We refuse to allow recovery for symptoms and pains caused by a pre-existing disease where the work is no more stressful than everyday life.
In Daney v. Argonaut Insurance Company, 421 So.2d 331 (1st Cir.1982) an ironworker experienced back pains on the job stemming from pre-existing back problems. The court denied recovery, holding that even though plaintiff experienced back pains while on the job, he failed to relate the symptoms to a causally related "accident" or "injury" occurring on the job.
The law imposes upon the plaintiff in compensation cases, as it does in other civil cases, the burden of proving the causal link by a preponderance of the evidence. Prim v. City of Shreveport, 297 So.2d 421 (La. 1974). We hold that King has failed to prove by a preponderance of the evidence that his heart attack was causally related to an "accident" or "injury" suffered on the job. Nor has he made an adequate showing that the symptoms of angina constituted a work related "injury" thereby leaving him disabled or by precipitating the heart attack. Therefore, as in Daney, supra, the plaintiff in this instance has failed to prove the causal link between the injury and his employment as a necessary requisite to recovery.
ISSUE # 2
"Arising out of employment" contemplates that the accident will result from some risk to which the employee is subjected to in the course of his employment and to which he would not have been subjected had he not been so employed. Lisonbee, supra. In conjunction with this rule our courts have consistently held that a worker's pre-existing condition does not bar his recovery when that condition is aggravated by the risks or conditions of his employment. The employer takes the worker as he finds him. Guillory v. United States Fidelity and Guaranty Insurance Co., 420 So.2d 119 (La.1982). King therefore has the burden of showing that the physical or emotional stress from which he suffered was a risk he encountered in the course of his employment and that this risk aggravated his heart condition, resulting in a heart attack. In the recent case of Guidry v. Sline Industrial Painters, Inc., supra, the Louisiana Supreme Court established:
"If the physical exertion, stress, or strain on the job, and preceding the infarction, is no more than the worker would likely have experienced in a non-work situation, the attack may be the result of the natural progression of the pre-existing disease rather than the result of the employment activity. * * *
For the heart accident to arise out of or be connected with the employment, the exertion stress or strain, acting upon the pre-existing[1] disease, must be of a degree greater than that generated in everyday non-employment life (e.g., as compared to the more or less sedentary life of the average non-worker).
In other words if the activities in which the worker with a pre-existing heart disease is engaged, whether for his job usual and customary or not, entail exertion, stress or strain greater than would be involved in everyday non-employment life and he experiences a heart accident, he has made a prima facie showing that the accident arose out of or was connected *72 with, the employment." (Emphasis added and footnotes omitted).
The trial court found that physical stress was non-existent as a precipitating cause of King's heart attack. We agree. Further, our review reveals that plaintiff suffered no job related mental stress greater than that involved in everyday, non-employment life. King testified that he feared losing his job for various reasons as already indicated. However, the record is void of any factual evidence, other than the testimony of plaintiff and his wife, tending to show that the fear of losing his job was substantial or justified and greater than other fears that are involved in everyday, non-employment life. For these reasons we hold that King's heart attack, which may have been precipitated by mental stress, did not arise out of his employment.
We conclude that King has failed to show his heart attack was caused by conditions and factors arising out of the course and scope of his employment and not by other causes to which he and all the rest of society might have been exposed. The testimony fails to show by preponderance that his disability was of a nature characteristic of his employment. Therefore, we agree with the trial court that King's disability is not compensable under the Worker's Compensation Act.
Upon further review, we hold that plaintiff's remaining assignments of error are without merit.
For the foregoing reasons, the judgment of the trial court is affirmed, at appellant's cost.
AFFIRMED.
NOTES
[1] The word pre-existing is italicized within the case cited above.