446 So.2d 990 (1984)
Randy THOMPSON, Plaintiff-Appellant,
v.
ALAMO GLASS COMPANY and Louisiana Retailers Association, Self-Insurers Fund, Defendant-Appellee.
No. 83-677.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
J. Wendel Fusilier and Alex D. Chapman, Jr., Ville Platte, for plaintiff-appellant.
Gist, Methvin, Hughes & Munsterman, H.B. Gist, III, Alexandria, for defendant-appellee.
*991 Before CUTRER, LABORDE and KNOLL, JJ.
KNOLL, Judge.
This is a workmen's compensation case. Randy Thompson, plaintiff-appellant, filed suit against Alamo Glass Company and its insurer, Louisiana Retailers Association, Self-Insurers Fund, defendants-appellees, seeking reinstatement of worker's compensation benefits, continued medical treatment, and penalties and attorney's fees for the arbitrary and capricious termination of his worker's compensation benefits. The trial court rendered judgment in favor of Alamo and its insurer dismissing Thompson's suit. Thompson appeals. We affirm.
The issues on appeal are as follows:
1) Whether the trial court committed manifest error in determining Thompson was not injured in the course and scope of his employment; and
2) Whether the trial court erred in not applying the legal presumption in favor of the injured employee established in Lucas v. Ins. Co. of North America, infra.
Thompson had worked six months for Alamo Glass as a glazier and glass installer. He testified that on Friday, August 20, 1982, he fell down a stairway injuring his back while working at the Alamo Glass Company in Lafayette. He finished his work day and returned home. He stayed in bed over the weekend. He took aspirin and applied a heating pad to relieve his back pain. The following Monday, Thompson obtained permission from Alamo Glass to see Dr. John Luke, his family physician in Lecompte.
Dr. Luke examined Thompson on August 23, 1982. He found no bruising or muscle spasms in Thompson's lower back, but noted that it was tender. His initial impression was that Thompson had suffered a muscular ligament injury. He treated Thompson conservatively with anti-inflammatory medication, a muscle relaxant, bed rest, and recommended the use of a heating pad.
During the next month Dr. Luke saw Thompson on two more occasions for complaints of continued discomfort in the lower back area with pain radiating through the buttocks. He was unable to find any objective symptoms of injury. He referred Thompson to Dr. T.E. Banks, an orthopedic surgeon.
On September 25, 1982, prior to seeing Dr. Banks, Thompson was involved in an automobile accident near Indian Creek. There is no dispute that this accident did not occur within the course and scope of Thompson's employment. Thompson was a passenger in an automobile which was run off the road by another vehicle and turned over. He was taken to Cabrini Hospital complaining of head and shoulder injuries and was hospitalized overnight for observation.
Dr. Banks examined Thompson on September 27, 1982, two days after the accident, and found tenderness in the lumbrosacral joint and in both sciatic notches. He prescribed conservative treatment. Dr. Banks saw Thompson again on October 27, 1982 and observed muscle spasms and tightness in the lumbar region. He saw Thompson on November 24, 1982 and reported the same findings. Because of the continued muscle spasms and restricted motion, Dr. Banks recommended that Thompson be hospitalized for a C-T scan and a possible lumbar myelogram.
Thompson reported to the hospital for a diagnostic workup. He was not admitted because the worker's compensation carrier refused to authorize the testing. Diagnostic testing has never been performed and he has not been examined by a doctor since November 24, 1982.
Alamo paid workmen's compensation and medical benefits from August 20, 1982 through November 20, 1982.
The trial court concluded that Thompson failed to carry the minimum burden of proving that a work-related accident occurred.
To recover benefits under the Louisiana Workmen's Compensation Law *992 the employee must establish that he received a personal injury by accident arising out of and in the course of his employment. LSA-R.S. 23:1031. It is well settled that although procedural rules are liberally construed in favor of workmen's compensation claimants, the claimant nonetheless bears the burden of proving by a preponderance of the evidence that his disability is causally related to an accident that occurred during the course and scope of his employment. Stuckey v. Home Ins. Co., 433 So.2d 776 (La.App. 3rd Cir.1983), writ denied 435 So.2d 450 (La.1983); Prim v. City of Shreveport, 297 So.2d 421 (La.1974). The testimony of a claimant alone may be sufficient to prove the occurrence of a work-related accident, if such testimony is plausible, consistent, and is supported by other circumstances appearing from the record. However, where the plaintiff's testimony is the sole evidence, it must be clear and convincing. Crochet v. American Tobacco Co., 407 So.2d 1330 (La.App. 3rd Cir.1981); Soileau v. Bituminous Cas. Corp., 348 So.2d 1313 (La.App. 3rd Cir. 1977).
The trial court found that Thompson did not report the accident to his employer on the day it allegedly occurred. Thompson testified that he told two of his fellow employees that he had fallen, however, neither of these employees were called to testify. Thompson's wife, who was not on the job site on the date of the alleged accident, was the only witness who testified concerning the accident. Likewise, the trial court found that the medical evidence failed to establish Thompson's alleged accident and any disability. The initial treating physician, Dr. John Luke, found no objective evidence to indicate any injury.
In addition, Dr. Bank's medical report which was sent to the compensation carrier, indicated that even though the claimant denied having any previous back injury, his office records indicated that the claimant had been treated for discomfort in his back in December of 1979 by another orthopedist who was a member of his medical firm.
Claimant's wife testified quite freely that in addition to the automobile accident, her husband had also been involved in a motorcycle mishap after the date of his alleged work-related accident. Thompson unequivocably denied this.
As enunciated in Canter v. Koehring Company, 283 So.2d 716 (La.1973) a reviewing court must give great weight to the reasonable evaluations of credibility and reasonable inferences of fact made by the trial court. Our careful review of the record satisfies us that the trial judge's conclusions that the evidence in the case at hand, taken as a whole, casts some doubt on Thompson's credibility, and his failure to prove the occurrence of a work-related accident by a preponderance of the evidence is well supported.
Thompson further contends that the trial court erred in failing to apply the legal presumption of disability that was established in Lucas v. Ins. Co. of North America, 342 So.2d 591 (La.1977). In Lucas, supra, the Supreme Court stated:
"A claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition."
Thompson's reliance on the Lucas presumption is misplaced in the case sub judice. First, this presumption operates as an assistance to the plaintiff in proving a causal connection between a work-related accident and a disability. Second, the activation of the presumption is triggered by evidence that before the accident the injured person was in good health. In the present case, it was clearly established that the claimant suffered from a congenital back condition commonly referred to as spina bifida, and had been treated by an orthopedic specialist for a back problem associated with an injury he received on *993 December 15, 1979 while working for Daigre Engineers, Inc. Therefore, we find the trial court did not err in not invoking the presumption of disability enunciated in Lucas, supra.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.