BERTRAND, Judge Pro Tern.
The worker’s compensation insurer appeals from a judgment awarding worker’s compensation benefits for total and permanent disability. This disability arose after the employee experienced pain while at work as well as at home on January 24, 1983 which resulted in his undergoing double bypass surgery twelve (12) days later.
On appeal, defendant raises the following issues:
(1) Whether the Trial Court erred in concluding that the plaintiff had proven by a preponderance of the evidence that there was a connection between his heart attack or attack of chest pain and employment activity; that is that the attack arose out of and in the course of his employment.
(2) Whether the Trial Court erred in concluding that the plaintiff was totally and permanently disabled.
In the instant case we face the issue of the causal links between the angina and the employment and between the angina and the disability.
The plaintiff, Nick Mayeux, is the owner of Red River Farm Supply, Inc. For three (3)or four (4) years prior to January of 1983 he occasionally experienced chest discomfort which would subside after a few minutes of rest. Between the hours of 8:00 and 9:00 a.m. on January 24,1983 the plaintiff experienced a typical episode of chest discomfort while unloading a truck at work. As always, Mr. Mayeux rested for a few minutes and then returned to work. He continued to work until about noon when he and his wife drove to Krotz Springs to aid in the investigation of a hunting accident in which Mr. Mayeux had been previously involved. He returned to work around 4:00 or 4:30 p.m. and helped his sons close up the business, which involved the lifting of fertilizer tanks to attach to either trucks or tractors before placement in the warehouse as well as the closing of the heavy metal doors to the business. Mr. Mayeux participated in both activities without discomfort. Around 6:00 p.m., after he had been home about an *190 hour, Mr. Mayeux felt a chest pain that was different from any pain that he had experienced before, both in intensity and duration. This pain caused him to go to the emergency room of the Marksville General Hospital where he was seen by Dr. Fernando Garcia who diagnosed the pain as angina pectoris. He was later transferred to St. Francis Cabrini Hospital in Alexandria under the care of Dr. Brian Cole, a cardiologist, who diagnosed plaintiff as having coronary artery disease. Subsequently bypass surgery was performed by Dr. J.D. Knoepp.
Did Nick Mayeux’s angina attack on the evening of January 24, 1983 arise out of and in the course of his employment?
Louisiana’s Worker’s Compensation Act, La.R.S. 23:1021 et seq., sets forth the requirements for a successful claim for worker’s compensation as follows:
“If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated. . .."
It is well established that a myocardial infarction, is an “injury by accident” within the contemplation of the Worker’s Compensation Act. Barnes v. City of New Orleans, 322 So.2d 821 (La.App. 4th Cir.1975), writ denied, 325 So.2d 584 (La.1976); Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982); Schneider v. Strahan, 422 So.2d 1377 (La.App. 1st Cir.1982), affirmed 449 So.2d 1338 (La.1984). An angina attack has been held to be a compensa-ble injury by accident although the attack was precipitated by the gradual thickening of the vessel walls. Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1969); Adams v. New Orleans Public Service, Inc., 418 So.2d 485 (La.1981).
Angina was concisely explained in Adams, supra.
“Generally speaking, angina pectoris is pain located in the chest area. It is usually caused by an insufficient supply of oxygen to the heart muscle. Arteriosclerosis is a condition marked by a loss of elasticity, thickening and hardening of the arteries. Angina pectoris is often associated with arterosclerosis because the thickening of the arteries results in a reduction of the blood supply to the heart which in turn causes pain or angina.” 418 So.2d 485, 486.
The requirement that the accident “arise out of the employment” contemplates that the accident resulted from some risk to which the employee was subjected in the course of his employment and to which he would not have been subjected had he not been so employed. That risk must be one greater than that occasioned by a person not engaged in the employment. Guidry, supra. The Supreme Court in Guidry set forth the following analysis for the “arising out of” issue in heart attack cases:
“For the heart accident to arise out of or be connected with the employment, the exertion, stress, or strain, acting upon the pre-existing disease, must be of a degree greater than that generated in everyday non-employment life (e.g. as compared to the more or less sedentary life of the average non-worker.)” 418 So.2d 626, 633.
Our inquiry is therefore whether plaintiff has carried his burden of proving that the physical or emotional stress which Nick Mayeux suffered from was a risk which he encountered in the course of his employment at Red River Farm Supply, Inc., and that this risk aggravated his heart condition and ultimately caused his angina attack on the evening of January 24, 1983 and the subsequent bypass surgery.
In the instant case, none of the medical experts, who testified by deposition, could definitively link the angina attack to plaintiff’s employment. Dr. Brian Cole was the only one of plaintiff’s treating physicians to venture an opinion as to the specific cause of the attack. Dr. Cole stated that, upon admission to St. Francis Cabrini Hospital, plaintiff told him that initially the chest pain became a real problem when he was in the woods. Plaintiff then related an *191 incident during that time in which the truck he was in became stuck in the mud. In trying to extricate the vehicle, the winch used to pull it out broke and plaintiff had to push the truck out himself. Plaintiff also told Dr. Cole how much the hunting accident and impending lawsuit had upset him. Based on this history Dr. Cole concluded that the increased physical exertion of pushing the truck out of the mud combined with the mentally stressful and mentally upsetting set of circumstances connected with the hunting accident caused enough of a change in plaintiffs pattern of pain to send him to the hospital on the night of January 24, 1983.
Dr. Garcia testified that plaintiff’s coronary problem was a long-standing condition that gradually reached the point that there was simply not enough blood getting to the heart muscle. Dr. Garcia stated he was unable to give an opinion that this angina attack was related to stress or physical exertion. Both Dr. Cole and Dr. Garcia stated that if angina pains were caused by physical stress that they would occur during or right after the exertion. Dr. J.D. Knoepp, plaintiff’s surgeon stated that it was impossible to say what was the most likely cause of the severe angina attack and that he was unable to say it was related to plaintiff’s employment.
Our review of the record reveals that plaintiff has not shown that job-related physical stress was a precipitating cause of his angina attack. Furthermore, we find that plaintiff suffered no job-related mental stress greater than that involved in every day, non-employment life.
Plaintiff testified that in operating his own business he came under a great deal of pressure. However, the record is otherwise inconclusive in establishing any substantial mental pressures greater than other pressures that are involved in every day, non-employment life. In plaintiff’s particular case the testimony of Dr. Cole is very persuasive in establishing that the mental stress related to the hunting accident and pending lawsuit, both of which were not job related, were the precipitating cause of the angina attack.
An accident occurs “in the course of employment” when it happens during the time of employment and at a place contemplated by the employment. Guidry v. Sline Industrial Painters, Inc., supra; Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973).
As was mentioned earlier, plaintiff first exhibited angina pains on the morning of January 24, 1983 but it was not until that evening that the pain became severe enough to send him to the hospital.
Our jurisprudence has recognized that compensation may be awarded when the death or disability occurs off the job after an on-the-job incident if there is medical correlation between job duties, the incident, and the resulting death or disability. Schneider v. Strahan, 449 So.2d 1338 (La.1984); Walker v. Austin Power Company, 467 So.2d 1246 (La.App. 2d Cir.1985), writs denied, 469 So.2d 987 (1985); Luneau v. Hanover Ins. Co., 478 So.2d 752 (La.App. 3d Cir.1985).
Two recent decisions of our circuit are pertinent to our inquiry at this point. The decisions in King v. Wilson Brothers Drilling, Co., 441 So.2d 68 (La.App. 3d Cir.1983) writ denied, 443 So.2d 598 (La.1983) and Luneau v. Hanover Ins. Co., supra were both based on an alleged death or disability occurring off the job after an on-the-job incident.
In King v. Wilson, the plaintiff-employee was a driller, basically in charge of maintaining operations on an oil rig. On Friday, King’s crew was short two men, one of whom had been injured on the job. He was unable to find replacements for the Saturday shift and lost a safety award because of his injured crew member. King continued to try to find replacements on Sunday but was unable to do so. He retired Sunday night concerned about his inability to find replacements, which he feared could ultimately cost him his job. Shortly after midnight, King was awakened with severe chest pains, later diagnosed as a myocardial infarction. ;
*192 The testimony in King indicated that plaintiff had become ill and suffered with chest pain during the last four (4) days at work. The pain was diagnosed as symptoms of angina pectoris. The Trial Court denied compensation benefits. In affirming the Trial Court’s decision, this Court stated:
“Our review reveals that the severe heart attack occurred while King was at home asleep, eighteen hours after his last shift and only six hours before his next duty was to begin. Within any construction of the law, clearly, King was not ‘in the course of' his employment when the seizure occurred ... The heart attack did not occur at a time or place contemplated by the characteristics of the employment. In other words, it is not reasonably foreseeable that a ‘driller’ will sustain work related injuries consistent with the normal occupational risks involved in drilling, at midnight while home asleep.” 441 So.2d 70.
In King we acknowledged the Supreme Court holding in Adams v. New Orleans Public Service, Inc., supra, that allowed a very severe and disabling episode of angina pectoris caused by strenuous physical labor, leaving a worker unable to resume his job, to constitute an “accident” or injury recoverable under the Worker’s Compensation Statute. However, in King we pointed out that:
“King was not left disabled by the alleged angina that he experienced at work and he was able to continue his duties.” 441 So.2d 71.
The pertinent facts in Luneau are as follows. Robert Luneau was employed as a lot manager by Luneau’s at its Crowley location. On Wednesday, April 22, 1981 Robert experienced dizziness, weakness and a tightness in his chest while working at the sales lot. His wife made an appointment for him with Dr. Richard Michel for the following day. Luneau was unable to keep this appointment because of the press of business and requested his wife to reschedule the appointment for Friday, April 24, 1981. Dr. Michel’s office was closed that day so Mrs. Luneau arranged an appointment for her husband for Monday, April 28, 1981. Luneau worked in varying degrees of pain and discomfort on Wednesday, Thursday, and Friday. He felt bad on Saturday and rested all that day. He was awakened early Sunday morning with sharp chest pains which were later diagnosed by Dr. Michel as an acute myocardial infarction. The Court in Luneau determined that plaintiff had established a com-pensable injury.
In discussing the distinction between these two cases, this Court in Luneau stated:
“At first glance, our language in King would seem to dictate a reversal in the instant case since Robert’s heart attack also occurred while he was asleep at home over 24 hours after he left his job at Luneau’s. However, the distinguishing factor between the two cases lies in the medical testimony. In King, Dr. J.T. Thomas diagnosed the plaintiff’s chest pains as symptoms of angina pectoris, a pre-existing heart condition. The expert testimony established that ‘the pains are considered as symptoms of a condition, rather than indications of muscle destruction as with a heart attack.’ The court then found that plaintiff had failed to show that the angina was causally linked or related to his employment. In the present case, the unequivocal medical testimony was that the pains suffered by Robert at work on Wednesday, Thursday, Friday and continuing until his heart attack on Sunday morning were caused or contributed to by the stress which he was subjected to at work. Without such supporting testimony, we no doubt would have decided as this court did in King.” 478 So.2d 761.
Plaintiff argues that the time and place to properly mark the onset of the severe attack should have been when Mayeux experienced the chest pains at work.
The medical testimony, by deposition, is devoid of any relation between plaintiff’s job and the severe angina attack the night of January 24, 1983. If the testimony es *193 tablishes any inference of a causal relation for the attack, it is found in the deposition of Dr. Cole who connected the attack to plaintiff’s expedition in the woods the day of the attack.
This Court also finds it significant, as we did in King, that plaintiff was not disabled by the angina he experienced at work and he was able to continue his duties until he left for his appointment with the Sheriff’s Department. These symptoms will not be treated by this Court as an accidental injury for compensation recovery in this case.
The most recent decision by our circuit on this issue is found in Jolibois v. Hartford Acc. & Ind. Co., 486 So.2d 283 (La.App. 3d Cir.1986) in which we affirmed the trial court’s award of benefits. In Jolibois, as in Luneau, there was evidence of a causal relationship between the angina attack and the employment and the angina attack and the disability. This distinguishes Jolibois from the instant case in which we find no causal relationship exists.
In Louisiana, appellate review in civil cases extends to both law and facts. La. Const. of 1974, art. V, § 10(B). Canter v. Koehring Company, 283 So.2d 716, 724 (La.1973) states that:
“[T]he reviewing court must give great weight to the factual conclusions of the trier of fact; where there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.”
The court said in Arceneaux v. Domen-geaux:
“[T]he appellate court should not disturb [the trial judge’s or jury’s] finding of fact unless it is clearly wrong.” 365 So.2d 1330, 1333 (La.1978).
In this instance the case record is made up of testimony taken in open court and deposition of physicians. “In evaluating the testimony adduced in open court, we must follow the rules enunciated in Canter and Arceneaux because the trial judge is in a better position to evaluate the credibility of the witnesses (as compared with an appellate court’s access only to a cold record). However, where a trial judge relies on the deposition of a witness, the rules of Canter and Arceneaux do not apply because the trial judge is in no better position to assess credibility than an appellate court. When evaluating depositions, rather than live testimony, we must determine the sufficiency and preponderance of the evidence.” F & S Offshore, Inc. v. Service Machine & Shipbuilding Corporation, 430 So.2d 1167, 1173 (La.App. 1st Cir.1983).
We conclude that plaintiff has failed to show that the severe angina attack he suffered on the night of January 24, 1983 was caused by conditions and factors arising out of the course and scope of his employment and not by other causes to which he and the rest of society might be exposed.
For the foregoing reasons, the judgment of the Trial Court is reversed, at appellee’s costs.
REVERSED.