DOMENGEAUX, Judge.
The State of Louisiana, through the Department of Revenue and Taxation, appeals the trial court’s award of worker’s compensation benefits to plaintiff Merk Gaspard. Mr. Gaspard answered the appeal and assigns as error the trial court’s failure to award penalties and attorney’s fees against the Department.
The Louisiana Department of Revenue and Taxation employed Merk Gaspard as an auditor in 1967. In 1979 he was promoted to Chief Reviewer, a position he held until February 27, 1985.
On the morning of February 27, 1985, the plaintiff began suffering angina pains while at work in his Baton Rouge office. He called his physician, Dr. William Moore, who told him to take certain medication and that if his condition did not improve, to come to his office. After the pain continued, Mr. Gaspard went to Doctor Moore’s office at about 2 P.M. that same day. Af *525 ter an examination by Doctor Moore, Mr. Gaspard was hospitalized at Our Lady of the Lake Medical Center in Baton Rouge. He remained hospitalized for about one week and during that time he was treated by Dr. James Woodard, a cardiologist. Following this period of hospitalization, and after consultation with Doctor Woodard, Doctor Moore found that Mr. Gaspard was totally disabled and unable to return to his job because of elevated blood pressure and angina pectoris.
Mr. Gaspard did not return to work and applied for, and was granted, medical retirement from the Department. Mr. Gas-pard then brought this suit to recover worker’s compensation benefits for his disability.
The trial judge awarded Mr. Gaspard total and permanent disability benefits, finding that work-related emotional stress aggravated his pre-existing hypertension and angina pectoris, resulting in his disability. The trial judge refused, however, to award Mr. Gaspard penalties and attorney’s fees.
On appeal, the defendant makes the following assignments of error:
(1) the trial court erred in finding that Mr. Gaspard received personal injury by accident as defined by La.R.S. 23:1021(1); and
(2) assuming the existence of an accident, the trial court erred in finding that such accident arose out of Mr. Gaspard’s employment with the Department.
Mr. Gaspard assigns as error the trial court’s finding that the Department was not arbitrary, capricious, or unreasonable in denying him benefits, thereby precluding an award of penalties and attorney’s fees.
The requirements for successful claim for worker’s compensation are set out in La.R.S. 23:1031 as follows:
“If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.”
In its first assignment of error, the Department contends that Mr. Gaspard’s angina pectoris due to arteriosclerosis is not a personal injury by accident within the meaning of the worker’s compensation statutes. More particularly, the Department argues that for angina pectoris to be compensable as a personal injury by accident it must be severe and disabling, citing King v. Wilson Brothers Drilling Company, Inc., 441 So.2d 68 (La.App. 3rd Cir.1983), writ denied, 443 So.2d 598 (La.1983).
La.R.S. 23:1021(1) defines accident as “... an unexpected or unforseen event happening suddenly or violently, with or without human fault, and producing at the time objective symptoms of an injury.”
In Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1969), medical testimony indicated that the plaintiff had suffered from either angina pectoris or a nodal tachycardia after undergoing physical stress. Without deciding which diagnosis was correct, the Supreme Court stated that it was “clearly established that the plaintiff suffered an accident within the meaning of our workmen’s compensation laws.” Similarily, in Adams v. NOPSI, 418 So.2d 485 (La.1982), the Louisiana Supreme Court held that angina pectoris due to arteriosclerosis activated by physical stress is an accident within the meaning of the worker’s compensation laws.
The Department argues, however, that in King v. Wilson Brothers Drilling Company, Inc., supra, this Court held that angina pectoris does not constitute an injury by accident unless it is severe and of a disabling nature. Our review of King, shows, however, that the Court denied compensation, not because angina pectoris activated by emotional stress is not an accidental injury under Louisiana worker’s compensation law, but because the Court concluded that the plaintiff failed to show that the angina was causally linked or related to his employment. This Court reached the same conclusion concerning the King decision in Luneau v. Hanover Insurance Company, 478 So.2d 752 (La.App. 3rd Cir.1985).
*526 Therefore, based on the Louisiana Supreme Court’s statements and conclusions in Bertrand v. Coal Operators Casualty, supra, and Adams v. NOPSI, supra, we conclude that Mr. Gaspard’s angina pector-is allegedly caused by mental or emotional stress was an injury by accident under La.R.S. 23:1021(1) and 1031.
To be compensable, though, an employee’s accident must also rise out of and in the course of his employment. La.R.S. 23:1031. Generally, an accident occurs during the course of employment when it happens during the time of employment and at a place contemplated by the employment. Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626, at 628 (La.1982). In this case, Mr. Gaspard suffered his angina attack at his office during normal office hours, while performing his employment duties. We conclude, therefore, that Mr. Gaspard was in the course of his employment at the time of his accident.
A showing that an accident occuring in the course of an employee’s employment does not, by itself, meet the additional requirement that the accident also arise out of the employment. Our jurisprudence has held that an employee’s accident arises out of his employment when it is the result of extraordinary mental or emotional stress. Lonzo v. Town of Marksville, 430 So.2d 1088 (La.App. 3rd Cir.1983), writ denied, 438 So.2d 573, 576 (La.1983). The Department argues, however, that where the work-related stress is mental or .emotional, and not physical in nature, our jurisprudence requires that the injury resulting from such work-related stress be evidenced by actual damage to the body in order for it to have arisen out of the employment. The Department contends that the reason for this rule is that mental stress cases are inherently suspect because mental stress as a causal factor is difficult to prove. The Department continues, stating that when it is alleged that such stress causes an injury not evidenced by physical damage to the body, such as angina pectoris, the case is even more suspect because the proof problems are compounded. The Department is in effect arguing that our jurisprudence has established a rule which protects the judicial system from certain types of cases which are inherently difficult to adjudicate.
Based on our review of the jurisprudence, we do not agree with the Department’s conclusions. The arising out of employment requirement of La.R.S. 23:1031 contemplates the accident’s being the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed. Our courts have concluded that where the work environment causes an employee extraordinary mental or emotional stress which results in an injury by accident to the employee the employee has made a prima facie showing that the accident arose out of the employment.
In Lonzo v. Town of Marksville, supra, this Court examined the requirement that an injury by accident arise out of the employment when it is alleged that the accident is caused by work-related mental or emotional stress. In Lonzo, this Court stated the following at page 1091:
“The Supreme Court [in Guidry ] then set forth a test for the degree of physical exertion, stress or strain necessary to make a prima facie showing that the accident arose out of or was connected with the employment. However, they underscored in a footnote that the standard for meeting this burden of proof in heart compensation cases involving mental or emotional stress is different and is that enunciated in McDonald v. International Paper Company, 406 So.2d 582 (La.1981), and Ferguson v. HDE, Inc., 270 So.2d 867 (La.1972). Guidry, supra at 633, at footnote 17. Specifically, the Court in Guidry stated:
‘Most recently, McDonald v. International Paper Company, 406 So.2d 582 (La.1981) placed the Ferguson decision in perspective as precedent for the proposition that death by heart attack produced by extraordinary mental or emotional work-related stress is com-pensable.’ [at 632, fotnote. 11].
While the requirement in McDonald that the stress be ‘extraordinary’ was *527 questioned by the Second Circuit in Beaty v. Thiokol Corporation, 414 So.2d 1292 (La.App. 2nd Cir.1982), at 1294, [writ denied, 416 So.2d 114 (La.1982)] footnote 2, we find the Supreme Court pronouncements in Ferguson, McDonald, and Guidry controlling in this case ..”
The requirement that the employee show that the work-related mental or emotional stress is extraordinary helps to overcome the difficult problem of linking the stress to an injury by accident.
We also note, that the Supreme Court in Guidry, supra, stated, in footnote 16 at page 633, that the standard for making a prima facie showing that an accident arose out of the employment in a heart attack case, where the activating work-related stress is physical, does not relieve the plaintiff of the necessity of presenting evidence of medical causation.[1] Similarly, the requirement that a plaintiff show extraordinary mental or emotional stress to make a prima facie showing that the accident arose out of the employment does not relieve him of the necessity of presenting evidence of medical causation.
Therefore, we must examine the record in light of this standard to determine whether the trial court erred in concluding that Mr. Gaspard’s accident arose out of his employment.
In this case the trial court received evidence on the amount of work-related stress Mr. Gaspard experienced through the in-court testimony of Mr. Gaspard, Kenneth Canik, Lester Brizzer, and John Thurman, and through the deposition testimony of Mrs. Shirley McNamara, Ralph Slaughter, and Joseph Roger Bergeron.
In Louisiana, appellate review in civil cases extends to both law and facts. La. Const. Art. V, § 10(B). When reviewing factual findings based on testimony adduced in open court, we must follow the clearly wrong standard of Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); when reviewing factual findings based on depositions, we must only determine the sufficiency and preponderance of the evidence. Brousseau v. Tucker, 479 So.2d 446 (La.App. 1st Cir.1985); Dickerson v. Zurich-American Insurance Company, 479 So.2d 571 (La.App. 1st Cir.1985). Since the trial court received in-court testimony on the issue of whether Mr. Gaspard’s accident arose out of his employment, we must apply the manifest error standard of review in this case.
In his written reasons for judgment, the trial judge stated that the evidence shows that Mr. Gaspard was “emotionally preoccupied with the fear of losing his job,” and that there was in fact a basis for this concern. He concluded that this fear of losing his job aggravated his pre-existing hypertension and angina pectoris.
A review of the testimony received in-court and by deposition supports the trial judge’s conclusions. Mr. Gaspard testified that his stress resulted from his working relationship with Mrs. Shirley McNamara, the Secretary of Taxation and Revenue, and more particularly from two incidents concerning his job performance. Mr. Gaspard testified that in February, 1985, Roger Bergeron, his immediate supervisor, indicated to him that Mrs. McNamara was mad and upset about the way he had assigned a tax collection case to an attorney not employed by the Department and about a complaint from a taxpayer concerning the manner in which he had pursued an audit of the taxpayer’s records. Mr. Gaspard further testified that at a subsequent meeting with Mr. Bergeron and Ralph Slaughter, an assistant secretary with the Department of Revenue and Taxation, he was informed that Mrs. McNamara intended to fire him as a result of the taxpayer’s complaint. Mr. Gaspard then testified that he “went all to pieces.” He testified that he said “how can you calm down when eighteen years of your career is fixing to go down the drain over an incident that, normally, nobody else would be punished for?” *528 Mr. Gaspard also testified that on the following Monday Mr. Slaughter again told him that Mrs. McNamara was going to fire him. Mr. Gaspard further testified that being in the office was like being in a pressure cooker, that he could not sleep at night, and that he was having trouble eating. He finally testified that his chest pains continued to get worse and that on Wednesday morning, February 27, 1985, the chest pains became excruciating, that the medication he took for his angina did not help relieve the pains, and that, for these reasons, he made an appointment for that day to see his doctor. Mr. Gaspard did not return to work after leaving that day. Mr. Gaspard stated that it was his belief that he was going to be fired.
Lester Wallace Brizzer and John H. Thurman, employees of the Department, each testified that Mr. Gaspard told them that he was concerned about his working relationship with Mrs. McNamara and about the possible termination of his employment. They said that he frequently complained about being treated unfairly in his last weeks with the Department. Mr. Brizzer testified that in the days prior to his accident, Mr. Gaspard appeared nervous and upset. Mr. Thurman said that Mr. Gaspard’s condition appeared to be worse and that he had difficulty concentrating the last few days he was at work.
In her deposition, Mrs. McNamara testified that she had not said she was going to fire Mr. Gaspard as a result of the taxpayer’s complaint. She stated that at the time Mr. Gaspard was hospitalized in February, 1985, she had not decided upon what disciplinary action to take, although she had decided some action was required. She testified further that although Mr. Gaspard was intelligent, had done a good job overall, and had risen to a high level in the Department, she considered him to be a troublemaker, and a person she neither likes nor dislikes. She stated that she always tried to treat him fairly. She also testified that all the auditing jobs in the Department, including Mr. Gaspard’s, are by their nature stressful.
Mr. Slaughter testified that Mrs. McNamara had not told him that she wanted Mr. Gaspard fired. He also stated that the possibility of firing Mr. Gaspard had not been ruled out since the decision on what disciplinary action to take had not yet been made. He further testified that he could not say whether the range of possible disciplinary actions had been conveyed to Mr. Gaspard, stating that he told Mr. Gaspard that the decision depended on receipt of a formal written complaint from the taxpayer.
Mr. Bergeron’s testimony supports that of Mrs. McNamara and Mr. Slaughter. He testified that Mrs. McNamara did not tell him she was going to fire Mr. Gaspard. He stated further that some disciplinary action was going to be taken as a result of the taxpayer’s complaint. Mr. Bergeron also indicated that it was apparent that Mr. Gaspard was under tension as a result of being “called down” on the taxpayer’s complaint.
Considering that the evidence shows that Mr. Gaspard’s job was by its nature stressful, that in the weeks preceding his departure he was worried and upset about the possibility of losing his job, particularly in his last week of employment, and that there was the real possibility that he could have lost his job, we cannot conclude that the mental emotional work-related stress that Mr. Gaspard endured at the time of his accident was not extraordinary. Nor can we find, therefore, that the trial judge was manifestly erroneous in reaching his conclusion that Mr. Gaspard’s accident arose out of his employment.
With regard to the medical evidence of causation, the depositions of three medical experts were introduced at trial. Dr. William H. Moore, a specialist in internal medicine and Mr. Gaspard’s treating physician, stated that psychological stress can be a critical factor in aggravating high blood pressure and chest pains. Doctor Moore continued, stating that it was his opinion that Mr. Gaspard was disabled by his hypertension and angina, all of which was aggravated by his job stress.
Doctor Jennings F. Woodard, a specialist in internal medicine with a subspecialty in *529 cardiovascular diseases, also indicated that Mr. Gaspard’s work-related stress was a contributing factor to his high blood pressure and angina pectoris. He stated that the stress Mr. Gaspard was experiencing could perhaps further endanger him.
Doctor From, a nephrologist, agreed with Doctor Woodard and Doctor Moore that the stress Mr. Gaspard experienced contributed to his high blood pressure and angina pec-toris.
Taken as a whole, the medical testimony does show that the work-related stress Mr. Gaspard experienced aggravated his preexisting hypertension and contributed to his angina pectoris. The trial court did not err in so finding.
The Department also argues that Mr. Gaspard’s fear of losing his job was due to his own misconduct and, for that reason, his resulting accident should not be considered to have arisen out of his employment. Mr. Gaspard’s alleged misconduct involved his failure to obtain written permission from Ms. McNamara prior to assigning a case to outside counsel and in pursuing an audit of a taxpayer without first obtaining an appointment. In each instance the conduct was in violation of Departmental regulations and procedure.
The record reveals that in each instance Mr. Gaspard was pursuing his duties in the manner he thought best. With respect to his assignment of the case to outside counsel, Mr. Gaspard testified that he had received verbal permission to assign the case. Additionally, Roger Bergeron indicated in a letter of understanding concerning the incident that Mr. Gaspard’s reasoning in the matter was well-intended. Mr. Gaspard further indicated that he did not realize he had done anything wrong with respect to his audit of the taxpayer’s records. In light of this, his conduct can be best described as resulting from possible poor judgment, which we conclude is in the nature of negligence at worst. The fact that an employee has acted with poor judgment does not prevent his accident from arising out of his employment as required under La.R.S. 23:1031.
Having considered all the medical and lay testimony, we are unable to conclude that the trial judge was manifestly erroneous in finding that Mr. Gaspard’s accident arose out of his employment.
The trial court’s finding that Mr. Gas-pard is totally disabled has not been questioned on appeal.
Mr. Gaspard assigns as error the trial court’s failure to award him penalties and attorney’s fees for the Department’s failure to pay him worker’s compensation benefits.
Under La.R.S. 23:1201(E) whenever the employee’s right to worker’s compensation benefits has been reasonably controverted by the employer, the penalties set forth therein shall not apply. With respect to attorney’s fees, La.R.S. 23:1201.2 provides that attorney’s fees are due if the failure to pay compensation benefits is found to be arbitrary, capricious, or without probable cause.
In this case, we conclude that the trial judge was not manifestly erroneous in failing to award penalties under La.R.S. 23:1201 or attorney’s fees under La.R.S. 23:1201.2. The Department defended this case on the basis that Mr. Gaspard was not under an extraordinary amount of work-related mental or emotional stress and that, therefore, he was not entitled to worker’s compensation benefits. The amount of work-related stress Mr. Gaspard actually experienced was a fact reasonably in dispute in this case. Where there is a bona fide factual dispute concerning whether the employee’s accident or disability is work-related, the employer has probable cause to deny benefits. Lonzo, supra. Also, this factual dispute gave the State a basis upon which to controvert Mr. Gaspard’s claim under La.R.S. 23:1201.
For the above and foregoing reasons, the district court’s judgment is affirmed.
Costs of this appeal, in the amount of $643.25 are awarded against the defendant-appellant.
AFFIRMED.

. Footnote 16 of the Guidry opinion, page 633, went on to state: "This recognizes however, that the courts are the ultimate decision makers and must decide legal causation questions definitively where proof of medical causation may be at best indefinite."