DOMENGEAUX, Judge.
Patricia D. Cormier commenced these proceedings seeking worker’s compensation benefits for an injury she allegedly sustained during the course and scope of *123 her employment, in addition to statutory penalties because her employer allegedly failed to timely pay her certain vacation benefits. Cormier named as the defendants: (1) Jack Eckerd Corporation (Eck-erd), her former employer, and (2) XYZ Insurance Company, subsequently discovered to be Travelers Insurance Company (Travelers), Eckerd’s worker’s compensation insurance carrier.
Cormier maintained that during the course and scope of her employment as an assistant manager of the Eckerd’s store in Rayne, Louisiana, she tripped and fell injuring her back. She alleged that on June 12,1985, while assisting the store manager, Lionel David, stock shelves, she tripped over a box or boxes on the floor. The plaintiff testified very emphatically that subsequent to tripping she fell forward, initially striking the floor with her knees. Cormier testified that the incident was witnessed by David.
The plaintiff also sought recovery pursuant to La.R.S. 23:631 (1950) (amended 1977) and La.R.S. 23:632 (1950) (amended 1964 and 1977). Sections 631 and 632 provide, in part, that upon the discharge or resignation of an employee the employer is obligated to pay the employee within three days any amounts owed the employee, in this instance vacation benefits, or be liable for penalties and attorney’s fees.
The Trial Court rendered judgment partially in favor of Eckerd and partially in favor of Cormier. The Court concluded that Cormier’s back injury was not work-related pursuant to La.R.S. 23:1021 (1950) (amended 1968,1975 and 1983), and La.R.S. 23:1031 (1950). The Court then concluded that Cormier had not been timely paid vacation benefits to which she was entitled and awarded her statutory penalties and attorney’s fees.
Cormier sought this review and assigned five errors in connection with the denial of the worker’s compensation claim. The essence of three of the plaintiff’s assignments is that the Trial Court was manifestly erroneous when it concluded that her back injury was not work-related. The plaintiff maintains that in addition to reaching the wrong conclusion, the decision of the Trial Court should be overturned because the Judge improperly relied upon evidence admitted for only a limited purpose. Cormier also argues that should we find her injury to be work-related and reverse the lower court, she should be award-' ed penalties and attorney’s fees pursuant to La.R.S. 23:1201 (1950) (amended 1954 and 1983) and La.R.S. 23:1201.2 (1958) (amended 1983).
The judgment of the District Court addressing Cormier’s entitlement to statutory penalties and attorney’s fees for the failure to pay vacation benefits timely was not appealed. This aspect of the lower court judgment will not, therefore, be reviewed.
Cormier’s principal assignments addressed the decision of the Trial Court denying her worker’s compensation benefits on the grounds that her back injury was not work-related. Subsequent to our review of the evidence, we do not believe the Trial Court was manifestly erroneous. Virgil v. American Guarantee and Liability Insurance Company, 507 So.2d 825 (La.1987); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Prim v. City of Shreveport, 297 So.2d 421 (La.1974); Thompson v. Alamo Glass Company, 446 So.2d 990 (La.App. 3rd Cir.1984).
Cormier maintained that her back injury was the result of a fall she suffered at work. The evidence does not, however, support her action. Cormier’s primary witness, the person who allegedly saw her fall, David, the store manager, initially denied to an insurance investigator that he witnessed the incident. This evidence came to the Court’s attention during the direct examination of David. David, at trial, however, attempted to explain his earlier denial and claimed to have witnessed Cormier’s fall. The incident he described to the Court was, however, very dissimilar to the incident related by the plaintiff. David’s testimony was further weakened by the fact that he was no longer in the employ of Eckerd because approximately $100.00 was missing from the store’s petty cash fund and he was discovered attempting to re *124 plenish the fund from the store's soft drink machine.
The plaintiff’s case was further weakened by the testimony and written reports of her doctors. The doctors’ testimony and their correspondence suggest that her back pain began, at the very least, one week before her fall and on no occasion did she ever relate the incident of her fall to her doctors.
Lastly, Cormier’s case was rebutted by numerous employment and insurance documents executed by her on which she denied that her back injury was work-related. The plaintiff executed at least five insurance or employment documents each of which included questions regarding whether her injury or illness was work-related. Cormier did not once describe her fall and on one occasion specifically checked off a box which said that she was not entitled to worker’s compensation payments.
Cormier’s second issue on appeal suggests that the judgment of the Trial Court should be reversed because the Judge improperly relied upon evidence admitted for only a limited purpose. Neil Roland, Travelers’ insurance adjuster, spoke with David after Cormier’s alleged fall and testified at trial that David denied any knowledge of the fall. The Trial Judge admitted Roland’s testimony into evidence, but only for the purpose of establishing when Travelers and Eckerd acquired knowledge of the alleged incident. The limited introduction of the testimony was for the purpose of determining whether penalties and attorney’s fees should be assessed if Cormier’s fall had been work-related.
The Trial Judge, in a Minute Entry setting forth his reasons, stated that “Lionel David at one time denied he had seen the alleged fall.” We do not believe the Trial Judge committed any error, but if any error was committed it was harmless. Wattigny v. Breaux, 488 So.2d 419 (La.App. 3rd Cir.1986); Amoco Production Company v. Slaughter, 491 So.2d 760 (La.App. 1st Cir.1986), writs denied, 494 So.2d 333, 540, 541, 542 (La.1986). The discrepancy between David’s testimony at trial and his statement to Roland was initially brought to the Court’s attention during David’s direct examination by Cormier’s attorney. This was an obvious effort by the attorney to reduce the potential for subsequent impeachment. If, however, the Judge did rely on the testimony of Roland, which was limited strictly to the determination of knowledge of the incident, rather than David’s veracity, we do not believe reversible error was committed. There was overwhelming evidence, absent any consideration of David’s contradictory statements, to support the Trial Court’s judgment.
Having previously concluded that the decision of the Trial Court addressing Cormier’s injury was not manifestly erroneous, we need not discuss her assignment seeking penalties and attorney’s fees.
For the above and foregoing reasons the judgment of the District Court is affirmed.
All costs of this appeal are assessed against Patricia D. Cormier.
AFFIRMED.